## WILLIAM B. MILLER
### v.
## JOHN T. FINCH.

CONSTRUCTION OF LEASE.—A farm, consisting of eighty acres, twenty-two pasture land, and fifty-eight in grain, was leased one year, for a stipulated sum, with a covenant in the lease that the tenant, at his option,

might have the premises for two years longer for the same sum per year, or two fifths of the grain delivered, etc. The tenant elected the latter and delivered two fifths of all grain raised as rent. The landlord claimed additional rent for the twenty-two acres. *Held*, a leasing of the entire farm for the stipulated grain rent.

APPEAL from the Circuit Court of Henry county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed February 9, 1883.

The record in this case shows that the appellee leased to the appellant the south half of the northwest quarter of section twenty-eight (28), township fifteen (15), range four (4), in Henry county, for one year, from March 1, 1880, for the sum of $360 with a provision in the lease that appellant at his option might retain the place for two years longer for the same sum per year as rent, or for two fifths of all the grain raised on said premises delivered at the residence of appellee.

The rent of $360 for the first year was paid, and appellant elected to retain the place and pay the grain rent and notified the appellee to that effect, who made no objection. He occupied the farm for the year 1882, and delivered the rent as agreed, but as there was on the farm, twenty-two acres of land not in grain, but used as pasture and for building purposes, the appellee sued to recover cash rent for such part of the farm at the rate of $4.50 per acre. The appellant craved oyer of the lease, which being granted set it out in *hæc verba* and demurred to the declaration. From this it appears the covenant upon which the question is made is as follows:

"And it is so further covenanted and agreed between the parties aforesaid that the party of the first part agrees that he will fence a pasture so as to keep hogs in, and it is further agreed that the party of the second part may, at his option, have the said premises for the same sum, or two fifths of all grain delivered at the residence of the party of the first part for the term of two years longer, or to March 1, 1883."

The court overruled the demurrer to the declaration and the defendant abiding, he was defaulted, and judgment rendered against him for money rent demanded, and he appealed.

Mr. CHAS. K. LADD, for appellant.

Mr. LEVI NORTH, for appellee.

PILLSBURY, P. J.   We think the court should have sustained the demurrer.   The fair construction of the lease is, that the entire eighty acres were rented the first year for the sum of $360 payable in money with the privilege upon the part of the tenant to hold it for two years more for the same sum per year, payable in the same manner, or to deliver as rent the two fifths of the grain raised upon the premises.

It was a leasing for the entire farm for the stipulated grain rent instead of the money rent theretofore paid for the first year.   It does not seem that by any reasonable construction can it be held that it was the intention of the parties that for the second and third years the tenant was only to have the use of the fifty-eight acres of the land cultivated in grain for the grain rent, and was to pay $4.50 per acre for the pasture land and ground occupied by the buildings.

If such was their intention, they have failed to so express it in the written lease which is the only evidence to which we can look to ascertain the terms of their contract.

The judgment will be reversed and the cause remanded.

Judgment reversed.